IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TODD KRAMER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 08 CV 2611 |
| | ) |
| CHRYSLER LLC, | ) Judge James B. Moran |
| | ) |
| Defendant. | ) Magistrate Judge Michael T. Mason |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION TO TRANSFER**

In his single count complaint, originally filed in the Circuit Court for Cook County, Illinois, plaintiff, Todd Kramer, alleges that he was seriously injured while touring Chrysler's Belvidere Assembly Plant, in Belvidere, Boone County, Illinois. Because there is complete diversity of citizenship and because Kramer is apparently seeking in excess of the jurisdictional amount in damages, Chrysler removed this action to the "district and division embracing the place" where the suit was originally filed. 28 U.S.C. § 1441(a). Contemporaneously with removal, Chrysler filed a motion pursuant to 28 U.S.C. §1404(a), for entry of an order transferring this case, intradistrict, to the U.S. District Court for the Northern District of Illinois, Western Division, and this memorandum is provided in support of that motion.

**Legal Standard**

In the interests of justice and judicial economy, as well as for the convenience of the parties, this court should transfer this matter to the U.S. District Court for the Northern District of Illinois, Western Division, pursuant to 28 U.S.C. §1404(a). *Roberts & Schaefer Co. v. Merit Contracting,*

*Inc.*, 99 F.3d 248, 254 (7th Cir. 1996) (In considering whether to transfer venue, the court should consider the plaintiff's choice of forum, the convenience of the parties and the witnesses, as well as the interest of justice.); *Chicago, Rock Island and Pacific Railroad Co. v. Igoe*, 220 F.2d 299, 304 (7th Cir. 1955) (When none of the conduct complained of occurred in the plaintiff's selected forum, the plaintiff's choice of forum is of minimal value.).

Where venue is proper in either forum, as is the case here, the Court need only consider the convenience of the parties and witnesses and the interests of justice. *St. Paul Fire and Marine Insurance Co. v. Brother International Corporation*, 2006 WL 1543275 *1 (N.D.Ill. 2006).

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a)

**Convenience of the Parties**

When considering the first factor under the statute – the convenience of the parties and witnesses – the court should consider: 1) the plaintiff's choice of forum; 2) the situs of material events; 3) the relative ease of access to sources of proof; 4) the convenience of the witnesses; and 5) the convenience to the parties of litigating in the respective forums. *North Shore Gas Co. v. Salomon, Inc.*, 896 F.Supp. 786, 791 (N.D. Ill. 1995). It should also be noted that while a plaintiff's choice of venue is usually given great weight, where plaintiff's chosen forum is not the situs of the material events, plaintiff's choice is given no more consideration than any other factor. *Robinson v. Town of Madison*, 752 F.Supp. 842, 847 (N.D. Ill. 1990).

In the instant action, the convenience of the parties and witnesses weighs in favor of transfer. As a first matter, the entire incident, as alleged in plaintiff's complaint, occurred in Boone County, which is adjacent to and just east of Winnebago County, Rockford, Illinois, where the Western

Division of this Court sits. The accident investigation records, the witnesses to the accident, the first responders and initial treating health care professionals are all in Boone County.

**The Interests of Justice**

To begin, the interests of justice are given less weight in an intradistrict transfer. This is because either division has the same power to subpoena unwilling witnesses and will face the same problems and issues regarding application of state law and familiarity with governing law. *See Monfardini v. Quinlan*, 2002 WL 1264005 *1 (N.D.Ill. 2002).

Nonetheless, this factor "embraces traditional notions of judicial economy, rather than the private interests of the litigants and their witnesses." *TIG Ins., Inc. v. Brightly Galvanized Products, Inc.*, 911 F.Supp. 344, 346 (N.D. Ill. 1996). It includes considerations such as the speed in which the case will get to trial and the public interest in having the matter resolved in a particular forum. *Coffey*, 796 F.2d at 221. Courts have held that the administration of justice is facilitated when the litigation occurs in the forum that is "closer to the action." *Paul v. Lands' End, Inc.*, 742 F.Supp. 512, 514 (N.D. Ill. 1990).

The Western Division is "closer to the action." It would also seem logical that the Western District would be the forum where the public would have a stronger interest in seeing the case resolved. Jurors living in the Western Division would presumably have a stronger interest in administering justice on behalf of those who live and work in the Western Division.

**Conclusion**

While the Eastern Division (Cook County) is plaintiff's chosen forum, this fact will not defeat a well founded motion to transfer. *Applied Web Systems, Inc. v. Catalytic Combustion Corp.*, 1991 WL 70893, at *3 (N.D. Ill 1991). Moreover, as noted previously, where the situs of the occurrence in question is not located in the same division as the plaintiff, the plaintiff's choice of

forum is weighted equally with the other relevant factors. Here, not one other factor supports leaving this case in the Eastern Division of the Northern District of Illinois.

    /s/  Stephen E. Balogh
Stephen E. Balogh
Attorney for defendant,
CHRYSLER LLC
WilliamsMcCarthy LLP
120 W. State St., Suite 400
P.O. Box 219
Rockford, IL  61105-0219
Telephone:  (815) 987-8946
Facsimile:  (815) 968-0019
E-mail:  sbalogh@wilmac.com

**CERTIFICATE OF LAWYER**

The undersigned hereby certifies that on May 13, 2008, I electronically filed the foregoing instrument with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

> Attorney Timothy P. Rhatigan
> Rhatigan & Chute LLC
> 100 W. Monroe Street, 19th Floor
> Chicago, IL  60603

>    /s/  Stephen E. Balogh
> Stephen E. Balogh
> Attorney for defendant,
> CHRYSLER LLC
> WilliamsMcCarthy LLP
> 120 W. State St., Suite 400
> P.O. Box 219
> Rockford, IL  61105-0219
> Telephone:  (815) 987-8946
> Facsimile:  (815) 968-0019
> E-mail:  sbalogh@wilmac.com