IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TODD KRAMER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No:   08 CV 2611 |
| ) | |
| DAIMLERCHRYSLER MOTORS ) | |
| COMPANY, LLC of DELAWARE, Individually, ) | Judge James B. Moran |
| DAIMLERCHRYSLER MOTORS ) | |
| COMPANY, LLC, of DELAWARE d/b/a/ ) | Magistrate Judge Michael T. Mason |
| CHRYSLER MOTORS, LLC and ) | |
| CHRYSLER MOTORS, LLC ) | |
| Individually, ) | |
| Defendants. ) | |
| ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO TRANSFER**

Plaintiff, TODD KRAMER, by and through his attorneys, RHATIGAN & CHUTE, LLC, in response to Defendants' Motion to Transfer, states as follows:

Defendants have brought a Motion to Transfer the instant case intradistrict, from the Eastern Division of the United States District Court for the Northern District of Illinois to the Western Division of the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. §1404(a).

**FACTS**

On April 6, 2006, Plaintiff, TODD KRAMER, was a business invitee of Defendants at their assembly plant located in Belvidere, Illinois. On the date of the incident in question, Plaintiff was an employee of A.W. Chesterton. He and other A.W. Chesterton employees were present at Defendants' plant to assist with the removal of an electronic transfer feed counterbalance cylinder in the stamping area of the plant. During this process, Plaintiff was

caused to fall down a scrap chute and sustained personal injury. The following day, Plaintiff sought medical treatment at Rockford Memorial Hospital. He was diagnosed with a fractured shoulder and subsequently came under the care of Gordon Nuber, M.D. who is located in Chicago, Illinois. Plaintiff has undergone surgery performed by Dr. Nuber as part of the care and treatment for the injuries he sustained on April 6, 2006. Following surgery, Plaintiff has been required to undergo physical therapy which has taken place in Chicago, Illinois. It should also be noted that presently (and at the time of the incident in question) Plaintiff and his wife reside in Chicago, Illinois.

## ARGUMENT

Defendants bring their Motion to Transfer pursuant to 28 U.S.C.A. §1404(a). This court may transfer venue to another district court for reasons of convenience when it is "in the interest of justice." 28 U.S.C.A. §1404(a). In determining whether one forum is more convenient over another the court must consider the private interests of the parties as well as the public interests of the court. *NorthShoreGas Co. v. Salomon, Inc.*, 896 F.Supp. 786, 791 (N.D.Ill. 1995). The private interests the court should consider include: (1) the plaintiff's choice of forum, (2) the situs of material events, (3) the convenience of the parties, and (4) the convenience of the witnesses. *College Craft Cos., Ltd. v. Perry*, 889 F.Supp. 1052, 1054 (N.D.Ill. 1995).

The instant case is analogous to *Aldridge v. Forest River, Inc. et al.*, 436 F.Supp. 959 (N.D.Ill. 2006). In *Aldridge*, the plaintiff, a citizen of Illinois, was injured while using a recreational vehicle in Florida. The vehicle was manufactured in Indiana by defendant, Forest River, Inc. A portion of the vehicle that allegedly failed was manufactured in Texas by co-defendant, Specific Cruise Systems, Inc. Plaintiff filed her case in the United States District Court for the Northern District of Illinois, Eastern Division. Defendant, Forest River, Inc.,

subsequently moved to transfer the matter to the Northern District of Indiana. Defendant, Forest River, Inc.'s Motion to Transfer was denied.

The same analysis of the private interest factors used by the Court in *Aldridge* can be used in the instant case. With respect to the first factor, Plaintiff's choice of forum, Plaintiff will concede the fact that deference to his chosen forum is lessened when that forum has no connection to material events in question. Plaintiff also will concede that the situs of material events (the second factor) is closer to Rockford, Illinois than Chicago, Illinois. However, it is important to note that material events are those that give rise to the cause of action. *Von Holdt v. Husky Injection Molding Sys., Ltd.*, 887 F.Supp. 185, 188-89 (N.D.Ill. 1995). Therefore, other events that are material to the issues in the case, such as medical treatment, are factors that are to be considered when the court analyzes the convenience of the witnesses in the case.

The third factor for the court to consider is the convenience of the parties. Mr. Kramer resides in Chicago, less than five (5) miles from the courthouse for the Eastern Division is located. In their Motion to Transfer and supporting Memorandum, Defendants say nothing about the ability of their officers and representatives to travel to Chicago. Assuming that Defendants would argue that it would be inconvenient for their officers and representatives to travel to Chicago, transferring this matter from the Eastern Division to the Western Division would simply shift the inconvenience of travel from Defendants to Plaintiff. Therefore, this factor should weigh in favor of denying transfer. See *Aldridge*, 436 F.Supp. at 961.

Finally, the court must weigh the convenience of the witnesses. In doing so, the court must look beyond the number of witnesses to be called and examine the nature and quality of the witness' testimony with respect to the issues in the case. *Vandeveld v. Christoph*, 877 F.Supp.1160, 1168 (N.D.Ill. 1995). The party seeking transfer must clearly specify key

witnesses to be called and make a general statement as to their testimony. Defendants in the instant case simply state, incorrectly, that all of the witnesses, including medical providers, are found in the Western Division. Not only have Defendants failed to name specific witnesses, they have not made any type of statement, general or otherwise, as to what testimony these witnesses will offer at trial.

Furthermore, not all of the witnesses are found in the Western Division as Defendants suggest. Defendants simply jump to this conclusion based on the fact that Plaintiff's fall occurred at its plant in Belvidere. To the contrary, two of Plaintiff's co-workers who will be called to offer occurrence testimony can be found in the Eastern Division. These witnesses are Robert Houston who resides in Algonquin, Illinois and Jeremy Davis who resides in Chicago Heights, Illinois. Both of these individuals were present at Defendants' plant at the time of the incident in question. Additionally, the most important medical witnesses are located in Chicago. Plaintiff's main treating physician and surgeon, Dr. Gordon Nuber, is located in Chicago. The same is true with respect to Plaintiff's physical therapist. Plaintiff's surgery and medical treatment took place in Chicago. It is also anticipated that Plaintiff's wife will be called as a witness at trial and will offer testimony regarding Plaintiff's damages. Her testimony will include her observations of her husband's pain and suffering and disability. These factors must favor the denial of Defendants' Motion.

Finally, with respect to the public interests of the court, Plaintiff submits that this court is equally familiar with the applicable law to be applied in this case and that the efficient administration of justice can be achieved in the Eastern Division.

**CONCLUSION**

     The burden is on the moving party to demonstrate that the balance of the factors weighs heavily in favor of transfer and that transfer would not merely shift inconvenience from one party to another. *Fink v. Declassis*, 738 F.Supp. 1195, 1198 N.D.Ill. 1990). Defendants have not met their burden and their Motion to Transfer should be denied.

 

/s/ Timothy P. Rhatigan
Timothy P. Rhatigan
Attorney for Plaintiff, Todd Kramer
Rhatigan & Chute, LLC
100 W. Monroe St. 19th Floor
Chicago, IL 60603
312-578-8502
E-mail: tpr@rhatiganchute.com

**CERTIFICATE OF LAWYER**

The undersigned hereby certifies that on June 11, 2008, I electronically filed the foregoing instrument with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Attorney Stephen E. Balogh
WilliamsMcCarthy LLP
120 W. State St., Suite 400
P.O. Box 219
Rockford, IL 61105

/s/  Timothy P. Rhatigan
Timothy P. Rhatigan
Attorney for Plaintiff, Todd Kramer
Rhatigan & Chute, LLC
100 W. Monroe St.  19th Floor
Chicago, IL 60603
312-578-8502
E-mail: tpr@rhatiganchute.com