**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TODD KRAMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 08 CV 2611 |
| | ) | |
| CHRYSLER LLC, | ) | Judge James B. Moran |
| | ) | |
| Defendant. | ) | Magistrate Judge Michael T. Mason |

**FINAL REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S**
**MOTION TO TRANSFER**

In response to defendant's motion for intra-district transfer, plaintiff has filed a responsive memorandum which applies and argues an inapplicable standard. Plaintiff has relied on authority dealing with a motion to transfer between two different districts. Specifically, plaintiff argues that the case of *Aldridge v. Forest River, Inc.*, 436 F.Supp. 959 (N.D.Ill. 2006) is instructive and that plaintiff's chosen forum should be given deference. As noted in defendant's initial brief, however, where none of the conduct complained of occurred in the chosen forum and where a motion for intra-district transfer is otherwise well-founded, plaintiff's choice of forum carries little weight. *Chicago, Rock Island and Pacific Railroad Co. v. Igoe*, 220 F.2d 299, 304 (7th Cir. 1955); *St. Paul Fire and Marine Insurance Co. v. Brother International Corporation*, 2006 WL 1543275 *1 (N.D.Ill. 2006); *Applied Web Systems, Inc. v. Catalytic Combustion Corp.*, 1991 WL 70893, at *3 (N.D. Ill 1991).

As noted in the initial memorandum, the convenience of the parties weighs in favor of transfer to the Western Division. The incident giving rise to the complaint occurred entirely within the Western Division, the post-accident investigation occurred in the Western Division, and first

responders and initial treating health care professionals are all in the Western Division.

Plaintiff argues that he and his wife live in the Eastern Division and that his personal physician, who provided post-accident medical treatment, all are in the Eastern Division.  Plaintiff fails to demonstrate, however, that these three people would be inconvenienced, in the balance, more than the many witnesses who are in the Western Division.  This is especially true given the relative proximity of the Eastern and Western Divisions of this Court.

Plaintiff also argues that this Division of this Court is equally versed in the applicable law and could, thereby, serve the interests of justice.  Again, however, plaintiff has missed the point given that both the Eastern and Western Division are well equipped to apply the law of the state in which they both sit.  Rather, defendant has asserted and plaintiff has failed to address the contention that the administration of justice is facilitated when the litigation occurs in the forum that is "closer to the action."  *Paul v. Lands' End, Inc.*, 742 F.Supp. 512, 514 (N.D. Ill. 1990), and that the Western Division is "closer to the action."

It is submitted that the convenience of the parties and the interests of justice would both best be met by transfer of this matter to the U.S. District Court for the Northern District of Illinois, Western Division.

    /s/  Stephen E. Balogh
Stephen E. Balogh
Attorney for defendant,
CHRYSLER LLC
WilliamsMcCarthy LLP
120 W. State St., Suite 400
P.O. Box 219
Rockford, IL  61105-0219
Telephone:  (815) 987-8946
Facsimile:  (815) 968-0019
E-mail:  sbalogh@wilmac.com

## CERTIFICATE OF LAWYER

The undersigned hereby certifies that on June 23, 2008, I electronically filed the foregoing instrument with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Attorney Timothy P. Rhatigan
Rhatigan & Chute LLC
100 W. Monroe Street, 19th Floor
Chicago, IL 60603

    /s/ Stephen E. Balogh
Stephen E. Balogh
Attorney for defendant,
CHRYSLER LLC
WilliamsMcCarthy LLP
120 W. State St., Suite 400
P.O. Box 219
Rockford, IL 61105-0219
Telephone: (815) 987-8946
Facsimile: (815) 968-0019
E-mail: sbalogh@wilmac.com