IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TODD KRAMER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 08 C 2611 |
| | ) |
| DAIMLER CHRYSLER MOTORS | ) |
| COMPANY, LLC of DELAWARE, | ) |
| individually, et al., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM OPINION AND ORDER

Plaintiff filed this suit in the Circuit Court of Cook Count, Illinois, alleging personal injuries arising from falling down a scrap chute located in defendants' automobile manufacturing plant. Defendants removed the case to this court under 28 U.S.C. §§ 1332, 1441(a), and now move to transfer the case to the Western Division of the Northern District of Illinois. For the following reasons, that motion is denied.

Pursuant to 28 U.S.C. § 1404(a), "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."[1] To prevail on a motion to transfer under § 1404(a), defendants must demonstrate that "(1) venue is proper in the transferor district; (2) venue and

---

[1] Some courts have analyzed intra-district transfers under § 1404(b), which provides that "[u]pon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district." See Clear Channel Outdoor, Inc. v. Rubloff Oakridge Algonquin, LLC, 2003 U.S. Dist. LEXIS 18422 (N.D. Ill. Oct 16, 2003); Avco Corp. v. Progressive Steel Treating, Inc., 2005 U.S. Dist. LEXIS 22964 (N.D. Ill. Oct. 6, 2005). We do not find this to be the proper provision, as it appears to apply only when all parties consent, hence the following language: "Transfer of proceedings in rem brought by or on behalf of the United States may be transferred under this section without the consent of the United States where all other parties request transfer." § 1404(b). Regardless, the analysis under both provisions remains the same.

jurisdiction are proper in the transferee district; and (3) the transfer will serve the convenience of the parties, the convenience of the witnesses, and the interests of justice." <u>Vandeveld v. Christoph</u>, 877 F. Supp. 1160, 1167 (N.D. Ill. 1995). Defendants bear the burden of demonstrating that the transferee forum is clearly more convenient than the transferor forum. *Id.* Transfer is inappropriate if it merely transforms an inconvenience for one party into an inconvenience for the other party. *Id.*; <u>Aldridge v. Forest River Inc.</u>, 436 F. Supp. 2d 959, 960 (N.D. Ill. 2006); <u>Clear Channel Outdoor Inc. v. Rubloff Oakridge Algonquin, LLC</u>, 2003 U.S. Dist. LEXIS 18422, *9 (N.D. Ill. Oct. 16, 2003). The parties do not dispute that venue and jurisdiction are proper in either division, they only disagree as to whether the Eastern or Western Division is a more appropriate forum. Therefore, we need only consider the convenience of the parties and witnesses and the interests of justice.

We first address the convenience of the parties and witnesses. When evaluating this factor, we consider (1) plaintiff's choice of forum; (2) the situs of material events; (3) the convenience to the parties; and (4) the convenience to the witnesses.[2] <u>Aldridge</u>, 436 F. Supp. 2d at 960.

Courts debate exactly how much weight should be given to plaintiff's choice of forum. *See* <u>Petersen v. Union Pac. R.R.</u>, 2006 U.S. Dist. LEXIS 25061 (N.D. Ill. Apr. 19, 2006)(citing cases); <u>St. Paul Fire and Marine Ins. Co. v. Brother Int'l Corp.</u>, 2006 U.S. Dist. LEXIS 39952 (N.D. Ill. June 1, 2006). Two factors affecting the level of deference include whether the transferor court is plaintiff's home forum and whether the material events giving rise to a

---

[2] Some courts include the ease of access to proof as one factor to consider. <u>Navarrette v. JQS Property Maintenance</u>, 2008 U.S. Dist. LEXIS 7541 (N.D. Ill. Jan. 29, 2008). However, "recognizing that technological advancements have diminished traditional concerns related to ease of access to sources of proof," (<u>Pronational Ins. Co. v. Weinberger</u>, 2006 U.S. Dist. LEXIS 77525 (N.D. Ind. Oct. 24, 2006)(quotations omitted)), and given the fact that we are only talking about moving from one division to another within the Northern District of Illinois, we do not separately address this factor.

claim occurred here. Peterson, 2006 U.S. Dist. LEXIS 25061 at *5-6. The fact that this court is plaintiff's home forum (and was at the time of the incident) weighs against transfer. Vandeveld, 877 F. Supp. at 1167. That weight is lessened where plaintiff's chosen forum has relatively weak connections with operative facts giving rise to the claims. Navarrette, 2008 U.S. Dist. LEXIS 7541 at *4; Aldridge, 436 F. Supp. 2d at 961; Von Holdt v. Husky Injection Molding Systems Ltd., 887 F. Supp. 185, 188 (N.D. Ill. 1995). Here, plaintiff's fall -- the reason for his claims -- occurred in the Western Division. Plaintiff notes that his medical treatment has taken place here in the Eastern Division, and argues that his treatment constitutes a material event. However, material events are those that give rise to the cause of action. Aldridge, 436 F. Supp. 2d at 961. Medical treatment "does not constitute a material event *giving rise* to the claims." *Id.* Therefore, this factor results in a draw.

The situs of material events weighs in favor of transfer. As noted above, plaintiff concedes that his fall took place in the Western Division, where the plant is located, and we have determined that plaintiff's medical treatment does not count as a material event. Therefore, all material events took place in the Western Division.

The convenience of the parties weighs against transfer. Here, while the Western Division may be convenient for defendants, being only 12 miles away, it is decidedly inconvenient for plaintiff, forcing him to travel 84 miles. Likewise, defendants would have to travel 72 miles to the court in the Eastern Division. As stated above, if it will merely shift the inconvenience from one party to the other, transfer is inappropriate. Vandeveld, 877 F. Supp. at 1167. Hence, this factor favors plaintiff.

Next, we address the convenience to the witnesses. In analyzing this factor "courts look to the nature and quality of the witnesses' testimony, not merely the number of witnesses in

Case 1:08-cv-02611   Document 16   Filed 07/22/2008   Page 4 of 5

No. 08 C 2611                                                                                                    Page 4

each venue." St. Paul, 2006 U.S. Dist. LEXIS 39952 at *11; Vandeveld, 877 F. Supp. at 1168. The party seeking transfer must clearly specify the key witnesses to be called and include a generalized statement about what their testimony will include. Aldridge, 436 F. Supp. 2d at 962; Vandeveld, 877 F. Supp. at 1167-68; St. Paul, 2006 U.S. Dist. LEXIS 39952 at *11-12. Defendants do not comport with this requirement, merely stating that all of their employees, as well as the emergency medical providers who treated plaintiff, reside in the Western Division. "Vague generalizations concerning potential witnesses are insufficient." St. Paul, 2006 U.S. Dist. LEXIS 39952 at *11. Defendants are required to make a more specific showing in order to justify transfer. Aldridge, 436 F. Supp. 2d at 962. Their failure to do so weighs against transfer. *Id.*

However, even if we were to consider defendants' generalizations, at most this factor would result in a draw. While defendants' employees may reside in the Western Division, "the convenience to employee witnesses is not given great weight." St. Paul, 2006 U.S. Dist. LEXIS 39952 at *12. The convenience to the emergency workers is something we consider, but we also must consider the convenience to plaintiff's non-party witnesses, namely his treating physician and his wife. Therefore, this factor neither weighs for nor against transfer.

Finally, we address the interests of justice. In analyzing this factor, we normally consider the familiarity of the respective courts with the applicable law, the speed at which a case will proceed to trial, and the desirability of resolving controversies in their locale. St. Paul, 2006 U.S. Dist. LEXIS 39952 at *4. However, "although a motion to transfer venue between divisions is subject to the same analysis as any other transfer of venue motion, the public interest factor is given less weight in the case of an intra-district transfer." Clear Channel, 2003 U.S. Dist. LEXIS 18422 at *10-11. The parties do not address this factor, but it is clear

that both divisions are equally familiar with applicable law and equally capable of resolving the case. Therefore, this factor does not favor either division.

In sum, the situs of the events weighs in favor of transfer and the convenience of the parties weighs against. The remaining factors are, at best, draws. Since it is defendants' burden to demonstrate that transfer is "clearly more convenient" where "the considerations weigh equally, the motion to transfer should not be granted." <u>Clear Channel</u>, 2003 U.S. Dist. LEXIS 18422 at *9-10.

## CONCLUSION

For the foregoing reasons, defendants' motion for transfer is denied.

JAMES B. MORAN
Senior Judge, U. S. District Court

July 22, 2008.