**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| TODD KRAMER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 08 CV 2611 |
| vs. ) | |
| ) | Judge James B. Moran |
| CHRYSLER LLC, ) | |
| ) | |
| Defendant. ) | |

**ANSWER TO COMPLAINT**

Defendant, Chrysler LLC (incorrectly named in the original complaint as DaimlerChrysler Motors Company, LLC of Delaware, Individually, DaimlerChrysler Motors Company, LLC of Delaware d/b/a Chrysler Motors, LLC and Chrysler Motors, LLC, Individually), for its answer to the complaint of plaintiff, Todd Kramer, states as follows:

1.  On April 6, 2006, Defendants, DAIMLERCHRYSLER MOTORS COMPANY, LLC, OF DELAWARE, individually, DAIMLERCHRYSLER MOTORS COMPANY, LLC, OF DELAWARE d/b/a CHRYSLER MOTORS, LLC and CHRYSLER MOTORS, LLC, individually, and each of them, owned, operated, managed, maintained and controlled a manufacturing plant commonly known as Chrysler Belvidere Assembly Plant located at 3000 West Chrysler Drive in Belvidere, Illinois.

   **ANSWER:** Chrysler admits that it owns and operates the Belvidere (Illinois) Assembly Plant.

2. At the time and place aforesaid, Defendants, DAIMLERCHRYSLER MOTORS COMPANY, LLC, OF DELAWARE, individually, DAIMLERCHRYSLER MOTORS COMPANY, LLC, OF DELAWARE d/b/a CHRYSLER MOTORS, LLC and CHRYSLER MOTORS, LLC, individually, and each of them, within its aforesaid plant owned, operated, managed, maintained and controlled an area of the plant commonly known as the stamping area.

**ANSWER:** Chrysler admits that Belvidere Assembly includes a building commonly referred to as the stamping plant.

3. At the time and place aforesaid, Plaintiff, TODD KRAMER, was a business invitee of Defendants, DAIMLERCHRYSLER MOTORS COMPANY, LLC, OF DELAWARE, individually, DAIMLERCHRYSLER MOTORS COMPANY, LLC, OF DELAWARE d/b/a CHRYSLER MOTORS, LLC and CHRYSLER MOTORS, LLC, individually, and each of them, and was then and there lawfully on the premises.

**ANSWER:** Chrysler admits that on or about April 6, 2006, Kramer was lawfully on its premises as an employee of a contractor performing construction related work at its Belvidere Assembly Plant.

4. While on the premises of Defendants, DAIMLERCHRYSLER MOTORS COMPANY, LLC, OF DELAWARE, individually, DAIMLERCHRYSLER MOTORS COMPANY, LLC, OF DELAWARE d/b/a CHRYSLER MOTORS, LLC and CHRYSLER MOTORS, LLC, individually, and each of them, Plaintiff, TODD KRAMER, was assigned an escort by Defendants, DAIMLERCHRYSLER MOTORS COMPANY, LLC, OF DELAWARE, individually, DAIMLERCHRYSLER MOTORS COMPANY, LLC, OF DELAWARE d/b/a CHRYSLER MOTORS, LLC and CHRYSLER MOTORS, LLC, individually, and each of them.

    **ANSWER:**    Chrysler admits that when Kramer had a business need to tour the plant, he was generally assigned an escort in the form a Chrysler employee familiar with the plant.

5.    At the time and place aforesaid, Plaintiff, TODD KRAMER, was caused to fall into a chute designed to collect scrap metal.

    **ANSWER:**    Chrysler admits that Kramer fell into a scrap chute but denies that anything other than Kramer's own inattention "caused" him to fall.

6.    At the time and place aforesaid, Defendants, DAIMLERCHRYSLER MOTORS COMPANY, LLC, OF DELAWARE, individually, DAIMLERCHRYSLER MOTORS COMPANY, LLC, OF DELAWARE d/b/a CHRYSLER MOTORS, LLC and CHRYSLER MOTORS, LLC, individually, and each of them, were negligent in one or more of the following respects:

    a.    Failed to warn Plaintiff of the presence of the chute;

    b.    Failed to cover the chute;

    c.    Failed to rope off or barricade the area around the chute;

    d.    Failed to discontinue use of the stamping line in the area occupied by the Plaintiff which would automatically close the aforementioned chute;

    e.    Negligently allowed the chute to remain open while the stamping line was turned off;

    f.    Failed to have a continuous escort present with Plaintiff to warn of dangerous conditions, including, but not limited to the exposed scrap metal chute.

    **ANSWER:**    Chrysler denies all of the allegations of paragraph 6 of plaintiff's complaint.

7.    As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendants, DAIMLERCHRYSLER MOTORS COMPANY, LLC, OF DELAWARE, individually, DAIMLERCHRYSLER MOTORS COMPANY, LLC, OF DELAWARE d/b/a CHRYSLER MOTORS, LLC and CHRYSLER MOTORS, LLC, individually, and each of them,

Plaintiff, TODD KRAMER, sustained injuries of a personal, permanent and pecuniary nature.

**ANSWER:** Chrysler denies all of the allegations of paragraph 7 of plaintiff's complaint.

For all of the foregoing reasons, Chrysler LLC moves this Court for entry of an order dismissing plaintiff, Todd Kramer's complaint, in its entirety and with prejudice.

**AFFIRMATIVE DEFENSE**

For its affirmative defense to the plaintiff's complaint, Chrysler LLC states as follows:

1. At the time and place of the occurrence alleged in his complaint, Todd Kramer had a duty to use due care for his own safety.

2. At the time and place of the occurrence alleged, Todd Kramer breached his duty of care in that he:

    a. Negligently and carelessly wandered the Belvidere Assembly Plant without escort and in contravention of the instruction of both his employer's and Chrysler's directions to him;

    b. Negligently and carelessly performed work on the construction duties at the Belvidere Assembly Plant by performing or attempting to perform work for which he was neither trained nor qualified;

    c. Negligently and carelessly failed to exercise care for his own safety in that he did not look where he was walking but, rather, was looking up while walking; and

    d. Negligently and carelessly performed work in an under construction automobile assembly plant.

3. Todd Kramer's negligent acts and omissions were more than 50 percent the direct or proximate cause of his injuries.

4. Because Todd Kramer's own contributory fault was more than 50 percent the cause of his injuries, in the event of a judgment or verdict against Chrysler, plaintiff should be barred from

recovering or, in the alternative, any economic damages or non-economic damages allowed plaintiff should be diminished in the proportion to the amount of fault attributable to plaintiff, Todd Kramer.

For all of the foregoing reasons, defendant, Chrysler LLC, prays this Court for entry of an order dismissing plaintiff's complaint in its entirety, with prejudice and awarding costs of suit to defendant.

    /s/ Stephen E. Balogh
Stephen E. Balogh
Attorney for defendant,
CHRYSLER LLC
WilliamsMcCarthy LLP
120 W. State St., Suite 400
P.O. Box 219
Rockford, IL  61105-0219
Telephone: (815) 987-8946
Facsimile: (815) 968-0019
E-mail: sbalogh@wilmac.com

**CERTIFICATE OF LAWYER**

The undersigned hereby certifies that on July 29, 2008, I electronically filed the foregoing instrument with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

    Attorney Timothy P. Rhatigan
    Rhatigan & Chute LLC
    100 W. Monroe Street, 19th Floor
    Chicago, IL  60603

      /s/  Stephen E. Balogh
    Stephen E. Balogh
    Attorney for defendant,
    CHRYSLER LLC
    WilliamsMcCarthy LLP
    120 W. State St., Suite 400
    P.O. Box 219
    Rockford, IL  61105-0219
    Telephone:  (815) 987-8946
    Facsimile:  (815) 968-0019
    E-mail:  sbalogh@wilmac.com